### STATE v OSBORNE et

Ohio Common Pleas, Franklin Co

No 153717

Wilbur E. Benoy, Columbus, for complainant.

Herbert S. Duffy, Attorney General, Columbus, for defendants.

### OPINION

By REYNOLDS, J.

This case is before the court on a charge of contempt filed by the Notary Public before whom the deposition of Dr. M. F. Osborne and Wanda Knox was being taken, for the refusal of the witnesses to answer certain questions concerning treatment of one James Pipoly, on the ground that the questions were directed to matters of privilege between patient and client.

James Pipoly is plaintiff in a suit for damages in Wayne County for personal injuries, and the questions propounded related to treatment of Pipoly by Dr. Osborne prior to the accident. Manifestly the evidence could not be admitted upon the trial of the case unless the privilege surrounding the same is waived by the patient testifying concerning the same.

The privilege, however, is the patient's and not the doctor's.

The questions should be answered and their admissibility determined when and if the deposition is offered in evidence on the trial of the case.

The case of **Harpman v Devine, 133 Oh St 1,** cited by the Attorney General is not in point, since it only goes to the question of the admissibility of the evidence upon trial, and the ruling was based upon the finding of the court that the plaintiff had not waived his privilege.

If plaintiff in the case in which the deposition is being taken fails to testify, the deposition cannot be admitted, but if he does and the court finds that he has waived the privilege, then the deposition will be properly admissible. Necessarily that cannot be determined until the case is tried and defendant should not be placed in the position of having the privilege waived and then no means of producing the evidence now sought to be made available, as would be the case if the refusal of the witnesses to answer were allowed to control.

The court therefore orders the witnesses to comply with the order of the Notary Public, with respect to the examination of said witnesses, or be punished as for contempt of court.